IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 3:08-cr-53-MEF |
| | ) | |
| LAMARIO HARRIS | ) | |

## PLEA AGREEMENT

DEFENSE COUNSEL:           BENJAMIN SCHOETTKER

ASSISTANT U.S. ATTORNEY:   SUSAN R. REDMOND

**COUNTS AND STATUTES CHARGED:**

Count 1.            21 U.S.C. § 846
                    Conspiracy to Possess/Distribute Controlled Substance

Count 2.            21 U.S.C. § 841(a)(1)
                    Distribution of a Controlled Substance

Count 3.            21 U.S.C. § 841(a)(1)
                    Distribution of a Controlled Substance

*[handwritten: Defendant Not charged  SL 7/31/08  BES 7/31/08  LH 7-31-08]*

**COUNTS PLEADING PURSUANT TO PLEA AGREEMENT:**

Count 2.            21 U.S.C. § 841(a)(1)

**PENALTIES BY COUNT – MAXIMUM PENALTY:**

Count 2.            21 U.S.C. § 841(a)(1)
                    NLT 5Y, NMT 40;
                    NMT $1,000,000; both
                    NLT 4Y;
                    $100 AF; VWPA.

**ELEMENTS OF THE OFFENSE:**

<u>21 USC § 841(a)(1):</u>

First:  That the defendant distributed a controlled substance of the type and amount described in the indictment; and

Second:  That the defendant did so knowingly.

*****************************************************************

Susan R. Redmond, Assistant United States Attorney and Benjamin Schoettker, attorney for the defendant, pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, as Amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charge pending in the Indictment, and a Plea Agreement has been reached by said parties. The plea is being submitted to the Court pursuant to Federal Rules of Criminal Procedure 11(c)(1)(C), and the parties understand that, if the terms of the Plea Agreement are not accepted by the Court, the defendant will be allowed to withdraw the defendant's plea of guilty and proceed to trial. If the Court accepts this agreement, however, and defendant thereafter breaches this agreement, his guilty plea may not be withdrawn.

## GOVERNMENT'S PROVISIONS

1. Upon entering a plea of guilty by the defendant to the offenses charged in Count 2 of the Indictment, the attorney for the government will do the following:

   a. The government will agree, that a 2-level reduction in the applicable offense level pursuant to U.S.S.G. § 3E1.1(a) for the defendant's acceptance of responsibility is appropriate, so long as the defendant does not obstruct justice or otherwise fail to accept responsibility for the offense conduct. Should the Government find the defendant assisted authorities in the investigation

2

or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and this Court to allocate their resources efficiently, the Government will move at sentencing for a further reduction of one level, pursuant to U.S.S.G. § 3E1.1(b). Determination of whether the defendant's obligations to qualify for the reduction pursuant to U.S.S.G. § 3E1.1 is at the sole discretion of the United States.

        b. Should the defendant complete the defendant's obligations contained within the Cooperation Agreement as set forth herein, the Government will agree to file a motion for downward departure pursuant to U.S.S.G. § 5K1.1 and Title 18, United States Code, Section 3553(e), or Fed. R. Crim. P. 35, to reflect the defendant's substantial assistance. Determination of whether the defendant has met the defendant's obligations to qualify for the reduction pursuant to U.S.S.G. § 5K1.1 and Title 18, United States Code, Section 3553(e) is at the sole discretion of the United States. Determination of whether to file for a downward departure pursuant to Rule 35, and if a departure is filed, the level of that departure, is at the complete discretion of the Government.

2. The United States reserves the right to inform the Court and the Probation Department of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

## DEFENDANT'S PROVISIONS

1. The defendant agrees to the following:

        a. To plead guilty to Count 2 of the Indictment.

        b. To cooperate with the government as set out in this agreement.

## **COOPERATION AGREEMENT**

The defendant agrees to cooperate fully and testify truthfully against any and all persons as to whom the defendant may have knowledge at the grand jury, trial, or whenever called upon to do so, including, but not limited to testifying against any codefendant choosing to proceed to trial. The defendant understands that this agreement does not require the defendant to implicate any other particular individual or individuals or to "make a case," rather it requires the defendant to be truthful and to testify truthfully whenever called upon. The defendant agrees to be available, if required, for the review of documents and other materials and for interviews by law enforcement officers and attorneys for the Government upon reasonable request and to fully and truthfully respond to all questions asked of the defendant by law enforcement officers and attorneys for the Government. The defendant agrees to fully and truthfully disclose to the Government everything the defendant knows about any and all documents and materials in the defendant's possession that relate to the violations charged in this Indictment and any other criminal violations in the Middle District of Alabama and elsewhere. The defendant agrees to submit to a polygraph examination conducted by the Government if requested to do so.

Provided that the defendant satisfies the terms of this Plea Agreement, any information that the defendant truthfully discloses to the Government during the course of the defendant's cooperation, concerning related offenses, will not be used against the defendant, directly or indirectly. The defendant understands that this agreement does not bar the defendant's prosecution for capital felonies, perjury, false statements, and/or obstruction of justice.

If the defendant has failed or should fail in any way to fulfill completely the defendant's obligations under this agreement, then the Government will be released from its commitment to honor

all of its obligations to the defendant. Thus, if at any time the defendant should knowingly and willfully withhold evidence from, or is found to have provided false information to, the Government investigators or attorneys prior to or during the defendant's testimony before grand juries or in trials, or fails to appear for any scheduled court appearance or any scheduled meeting with law enforcement agents in the Middle District of Alabama, then the Government will be free: (1) to prosecute the defendant for perjury, false declaration, false statement, and/or obstruction of justice (18 U.S.C. §§ 1621, 1623, 1001, 1503); (2) to prosecute the defendant for all violations of federal criminal law which the defendant has committed; (3) to use against the defendant in all of those prosecutions and sentencings the information and documents that the defendant has disclosed or furnished to the Government during the course of the defendant's cooperation; (4) to recommend a maximum sentence; (5) to seek forfeiture of any and all forfeitable properties of the defendant; (6) to seek forfeiture of any appearance bond made by the defendant if the defendant fails to appear in the Middle District of Alabama for any scheduled court appearance or any scheduled meeting with law enforcement agents; and (7) to prosecute the defendant for the defendant's failure to appear at any scheduled court appearance, pursuant to 18 U.S.C. 1073 or any other applicable state or federal criminal statute. The parties agree that the Government will have the sole discretion to decide whether defendant has breached this agreement.

## FACTUAL BASIS

The defendant admits the allegations charged in Count 2 of the Indictment and understands that the nature of the charge to which the plea is offered involves proof as to Count 2, that the defendant committed the crime of distribution of a controlled substance as follows: that on or about

October 31, 2006, in the Middle District of Alabama, the defendant, did knowingly and intentionally distribute more than 5 grams of cocaine base, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

## SENTENCING GUIDELINES AND RECOMMENDATIONS

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence and the sentencing guidelines, if any, applicable to defendant's case will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant waives any constitutional challenge to the sentencing guidelines, waives indictment and trial by jury on all findings for sentencing, and stipulates that the Court may make all findings for sentencing and may make those findings by a preponderance of the evidence based upon any reliable evidence, including hearsay. Defendant understands that the Court is required to consider any applicable sentencing guidelines but may depart from these guidelines under some circumstances. Defendant acknowledges that defendant and defendant's attorneys have discussed the sentencing guidelines and defendant understands how the guidelines are applicable to defendant's case.

## 18 U.S.C. § 3553(a)

The defendant acknowledges that counsel for the defendant has conferred with the defendant prior to the signing of this plea agreement and advised the defendant that the Court, at sentencing, will consider the factors set forth in 18 U.S.C. § 3553(a), and explained to the defendant each of those

factors specifically including (1) the nature and circumstances of the offense and the history characteristics of the defendant; the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (2) the need for deterrence; (3) the need to protect the public; (4) the need to provide the defendant with needed educational or vocational training or medical care; (5) the kinds of sentences available; (6) the need to avoid unwanted sentencing disparities; and, (7) the need to provide restitution to victims.

## DEFENDANT'S WAIVER OF APPEAL AND COLLATERAL ATTACK

1. Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence. Defendant further expressly waives the right to appeal the conviction and sentence on any other ground, including upward departures or variances, and waives the right to attack the conviction and sentence in any post-conviction proceeding, including § 2255 motions. This waiver does not include the right to appeal on the ground of ineffective assistance of counsel or prosecutorial misconduct.

In return for the above waiver by the defendant, the Government does not waive its right to appeal the sentence imposed in the instant case. The Government does not waive its right to appeal any order dismissing the Indictment, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings. Further, the parties agree that nothing in this agreement shall affect the Government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals the defendant's sentence pursuant to 18 U.S.C. § 3742(b), the defendant is released from this waiver.

## **DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT**

1.  The defendant, before entering a plea of guilty to Count 2 of the Indictment as provided for herein by said Plea Agreement, advises the Court that:

    a.  The discussions between the attorney for the government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

    b.  Defendant acknowledges that a breach of this federal plea agreement, to include committing another federal, state, or local offense prior to sentencing on the pending charge, will not entitle him to withdraw his guilty plea in this case. Defendant understands and acknowledges that defendant's guilty plea will remain in full force and effect upon any breach of this agreement by the defendant. Defendant further understands that should he breach this agreement, this agreement will be null and void and he will be prosecuted for all offenses of which the government has knowledge. The parties agree that the Government will be the sole authority to decided whether Defendant has breached this Agreement.

    c.  The defendant further understands that, pursuant to Title 18, United States Code, Section 3013, said $100.00/count assessment fee is to be paid by the defendant on the date of sentencing. The defendant will make an honest, good faith effort to pay said fine as directed by the Financial Litigation Section of the United States Attorney's Office. The defendant further understands that by completing the financial statement, the defendant is representing that it is true and accurate to the best of the defendant's indictment, knowledge, and belief.

    d.  The defendant understands that the defendant has a right to be represented by

an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

  e. The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

  f. The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

  g. The defendant further understands and advises the Court that the Plea Agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the government, and the attorneys for the defendant, all conducted with the defendant's authorization, knowledge, and consent.

  h. The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

    i.  The defendant further advises the Court that it is understood that the government can only make a recommendation which is not binding on the Court.

    j.  The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crimes charged in the Indictment herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Indictment herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the defendant under oath, on the court record, and in the presence of counsel.

    k.  The defendant is satisfied that defense counsel has been competent and effective in representing defendant.

  2.  The undersigned attorneys for the government and for the defendant represent to the court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11, Federal Rules of Criminal Procedure, as Amended. The attorneys for the defendant further advises the Court that the defendant has been advised of the nature of the charges to which the foregoing described plea is to be offered, and that the defendant has been advised of the defendant's right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, the defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the defendant and the right not to be compelled

to incriminate the defendant; and that if the defendant pleads guilty, there will not be a further trial of any kind. Further, the defendant has been advised that if the defendant pleads guilty, the Court may ask questions about the offense to which the defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the defendant in a civil or criminal proceeding, but that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

3. The defendant understands that the United States Probation Office will prepare a presentence investigation report for the Court. The Probation Officer will consider the defendant's conduct related to the offense to which the plea is offered, as well as the defendant's criminal history. The offense level or criminal history category, as calculated by the Probation Officer and determined by the court, may differ from that projected by defendant's counsel or the United States Attorney. In the event that the Court determines the defendant's offense level or criminal history category to be higher than the defendant anticipated, the defendant will have no right to withdraw the plea on that basis.

This 31st day of July, 2008.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

Louis V. Franklin, Sr.
Chief- Criminal Division
131 Clayton Street
Montgomery, AL 36104
334-223-7280 telephone
334-223-7135 fax

Susan R. Redmond
Assistant U.S. Attorney

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, BENJAMIN SCHOETTKER.

_____
Lamario Harris
Defendant

_____7-31-08_____
Date

_____
Benjamin Schoettker
Attorney for Defendant

_____7-31-08_____
Date